[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 8, 2008
THOMAS K. KAHN
CLERK

No. 07-13962
Non-Argument Calendar

_____

D. C. Docket No. 07-80043-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILBUR AMATI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 8, 2008)**

Before BARKETT, MARCUS  and WILSON, Circuit Judges.

PER CURIAM:

Wilbur Amati appeals his convictions and sentences on five counts of alien

smuggling, 8 U.S.C. § 1324.  First, he challenges the district court's decision

admitting evidence of his prior acts of alien smuggling under Federal Rule of Evidence 404(b). Second, he challenges his 80-month concurrent sentences as resulting from an improper, upward variance. For the following reasons, we affirm.

## I. Rule 404(b).

Amati argues that he did not testify, and there was no suggestion of mistake, lack of identity, or other basis on which to offer evidence of his prior smuggling acts. Therefore, the evidence was used solely for improper propensity purposes.

We review a district court's ruling on the admissibility of evidence under Rule 404(b) for an abuse of discretion. United States v. Perez, 443 F.3d 772, 774 (11th Cir. 2006). Rule 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed.R.Evid. 404(b). We employ a three-part test in regard to the admissibility of evidence under Rule 404(b): (1) the evidence must be relevant to an issue other than character; (2) sufficient proof must exist to find that the defendant committed the prior act; and, (3) the probative value of the evidence cannot be substantially outweighed by its undue prejudice. Perez, 443 F.3d at 779.

2

Upon review of the record and the parties' briefs, we find no abuse of discretion in admitting testimony concerning Amati's prior alien smuggling ventures. When Amati was arrested, he claimed that he had lent his boat to Mr. Rey-Garcia and his nephew to test the engines for him and to do some fishing. He denied knowing that Rey-Garcia was picking up aliens. Thus, we find no abuse of discretion in the finding that evidence that Amati and Rey-Garcia had smuggled aliens in the past was relevant to rebut this exculpatory statement and that the evidence met the admissibility test under 404 (B).

Further, limiting instructions as to the jury's permissible use of Rule 404(b) evidence can alleviate any undue prejudice caused by the admission of such evidence. United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007). Here, the court cautioned the jury as to the limited use of the extrinsic evidence, which alleviated any unfair prejudice the evidence may have otherwise caused.

## II. Amati's Sentences

Next, Amati argues that the court erroneously added 20 months to his mandatory 60-month sentence, based on his obstruction of justice, when the guidelines calculation already included an enhancement for such conduct. He contends that obstruction is common among defendants and, therefore, an insufficient basis for such a variance.

3

We review the sentence imposed by the district court for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). Reasonableness review requires that we apply an abuse-of-discretion standard. Gall v. United States, __ U.S. __, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). The Supreme Court has instructed that we:

> [M]ust first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

Id., __ U.S. at __, 128 S.Ct. at 597. To that end, the district court "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, __ U.S. __, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

If the district court's decision is procedurally reasonable, our analysis then turns to the substantive reasonableness of the sentence. See Gall, __ U.S. at __, 128 S.Ct. at 597. "In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006). If the sentence is outside the guideline range, we "may consider the extent

4

of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, __ U.S. at __, 128 S.Ct. at 597. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788.

The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id. at 786 (summarizing 18 U.S.C. § 3553(a)). However, "nothing in Booker[1] or elsewhere requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). Instead, an explicit acknowledgment that the district court has considered the defendant's arguments and the § 3553(a) factors will suffice. Id. at 1329-30.

Upon review of the record and the parties' briefs, we discern no error.

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Here, Amati's sentences were not procedurally unreasonable, as the court correctly calculated the guideline range, considered the parties' statements and the § 3553(a) factors, and articulated its reasons in support of his sentences. Moreover, his sentences were not substantively unreasonable. The guidelines calculation included an enhancement for obstructing justice, based on his threats to kill two witnesses for testifying against him. However, his mandatory 60-month sentence was beyond the guideline range and did not account for his threats. Further, the witnesses whom Amati threatened each received 60-month sentences for their involvement in the same smuggling venture. Therefore, the court acted within its discretion in sentencing Amati beyond the mandatory minimum to afford adequate punishment for his efforts to impede the administration of justice.

**AFFIRMED.**